**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALI GOKSEVEN,<br><br>Petitioner,<br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondent. | Case No. 5:26-cv-05378-SK<br><br>**ORDER DENYING PETITION** |

Petitioner is a native and citizen of Georgia who has been detained in civil immigration custody since April 2026. After a June 2026 bond hearing (ordered by this court in petitioner's first habeas action), at which he was represented by counsel, an immigration judge found by clear and convincing evidence that petitioner is a significant flight risk that no bond or alternatives to detention can adequately mitigate. Petitioner appealed that decision to the Board of Immigration Appeals (BIA). Meanwhile, his removal proceedings—including apparently a petition for asylum—remain pending. Petitioner now seeks release from civil immigration detention through a second pro se petition under 28 U.S.C. § 2241.

Because the parties are presumed to be familiar with the material facts and procedural history of the case, they are not repeated in detail but only referenced as

needed to explain the court's decision. As pertinent here, the petition pleads four grounds, but read together with petitioner's reply, its substance comes down to two claims: that his April 2026 arrest and initial detention were unlawful, and that his continued detention has become indefinitely prolonged. Neither entitles him to habeas relief.

1. Petitioner claims that he was denied pre-deprivation notice or hearing before he was arrested and detained in April 2026. But petitioner already challenged those events in his first habeas action, and he obtained the relief this court found appropriate: an individualized bond hearing on June 10, 2026, at which the government had to justify his detention by clear and convincing evidence. *See Gokseven v. Janecka*, No. 5:26-cv-02625-SK (C.D. Cal. June 3, 2026). Otherwise, to the extent that this claim is intended to challenge the circumstances around his arrest, that would not undo the detention that followed it.[1] *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984) (The "body" of an unlawfully arrested detainee is not "itself suppressible as a fruit of an unlawful arrest."); *Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969) ("defects in an arrest are not cognizable in habeas

[1] That doesn't mean, though, that petitioner has no other remedies for an unlawful immigration arrest. He may be entitled to seek suppression of evidence in his removal proceedings, *see United States v. Garcia-Beltran*, 443 F.3d 1126, 1132 (9th Cir. 2006); *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1443 (9th Cir. 1994), or to pursue a separate damages action for alleged false imprisonment, *see Ibarra-Perez v. United States*, 154 F.4th 989, 999–1000 (9th Cir. 2025).

corpus"); *Wolck v. Weedin*, 58 F.2d 928, 930 (9th Cir. 1932) ("Irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law.") (quoting *Bilokumsky*, 263 U.S. at 158).

Besides, petitioner's present custody status is based no longer on the April 2026 decision of an arresting officer in the field, but on the adjudicated—and superseding—June 2026 detention order of an immigration judge. *See Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [the petitioner's] detention is illegal today."). "So no matter the circumstances of the arrest that brought him into custody initially, petitioner [had] the chance to obtain release—and thus supersede his initial seizure—at a custody redetermination hearing before an immigration judge." *Mendez v. Senior Warden*, No. 5:26-CV-03901-DOC, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026). A § 2241 petition tests the lawfulness of a detainee's *present* detention. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). And to invoke § 2241, the detainee must be in custody based on the legal authority he seeks to attack—not merely in custody generally. *See Maleng v. Cook*, 490 U.S. 488, 490-93 (1989) (per curiam).

2. What remains of the petition, then, is petitioner's claim that his continued detention violates due process. But that claim, too, fails however liberally it is construed. To the extent that he claims he has been detained without adequate process, the record shows otherwise: he obtained a custody hearing, with counsel, at which the government bore the burden of proof by clear and convincing evidence. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). To the extent that he claims he is not a flight risk—because he has no criminal history, complied with his reporting requirements, and was arrested while attending a scheduled appointment—that simply disputes the immigration judge's unreviewable factual findings or ultimate discretionary determination. *See* 8 U.S.C. § 1226(e); *Martinez v. Clark*, 124 F.4th 775, 782–84 (9th Cir. 2024); *Fan v. Bondi*, --- F. Supp. 3d ---, 2026 WL 2276462, at *14 (C.D. Cal. Aug. 6, 2026).

Otherwise, any reviewable challenge to the immigration judge's decision—including petitioner's contention that the immigration judge relied on disputed electronic-monitoring records that he had no meaningful opportunity to test—has not been administratively exhausted, because his appeal remains pending before the BIA. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Each consideration identified in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), favors exhaustion: the BIA's decision will supply the reasoned agency determination that this record lacks; litigating the same bond decision in two

forums at once would encourage bypass of the administrative scheme petitioner has already invoked; and the BIA can correct the errors petitioner alleges. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Morgan v. Gonzales*, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007). And there is no convincing reason offered to waive exhaustion. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "[I]n the mine-run of immigration detention cases, exhaustion is essential to ensuring that federal habeas courts remain Article III courts of limited *collateral* review—not de facto administrative boards of *direct* review functionally no different than the BIA." *Fan*, 2026 WL 2276462, at *15. "Beyond unusual or exceptional cases, then, exhaustion of administrative remedies should be the norm for ordinary case- or petitioner-specific challenges to bond denials based on the individual and specific facts of a single case." *Id.* at *10. So it is here.

Finally, to the extent that petitioner claims his detention has become indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2001), he mistakes detention pending his removal proceedings with post-removal-order detention under 8 U.S.C. § 1231, which does not apply now. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1063–65 (9th Cir. 2008); *see also Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Nor does his pending asylum claim strip his detention of a legitimate purpose. Ensuring his appearance in the very proceedings that will

decide that claim is a purpose his detention serves. *See Rodriguez Diaz*, 53 F.4th at 1208.

* * *

For all these reasons, the petition under 28 U.S.C. § 2241 is DENIED. Judgment will be entered accordingly dismissing this habeas action without prejudice.[2] Meanwhile, this court retains jurisdiction over any future claim or action by ALI GOKSEVEN (A# 249 135 627) that he is being held in civil immigration custody within this federal district in violation of federal law under § 2241. *See* 28 U.S.C. § 1651; *see also Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (abuse of the writ doctrine precludes reconsideration of claims that were or could have been raised in prior habeas petition).

IT IS SO ORDERED.

DATED: October 12, 2026

STEVE KIM
United States Magistrate Judge

---

[2] Nothing in this order prevents petitioner from seeking another custody redetermination hearing based on materially changed circumstances. *See* 8 C.F.R. § 1003.19(e). Nor should anything in this order impair any right petitioner may have to a prolonged detention hearing—the so-called *Rodriguez* hearing—at the next six-month interval if he remains detained within this federal district. *See Rodriguez v. Holder*, No. CV 07-03239-TJH, 2013 WL 5229795, at *2-3 (C.D. Cal. Aug. 6, 2013).